FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID EDWARD WEED, an individual; JAMES WILLIAM WEED, an individual, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF SEATTLE, a municipal corporation; TERRY DUNN, in his capacity as a police officer for the City of Seattle and as an individual; DALE DAVENPORT, in his capacity as a police officer for the City of Seattle and as an individual, <br><br> Defendants - Appellees. | No. 12-35191 <br><br> D.C. No. 2:10-cv-01274-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted August 28, 2013[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

David and James Weed (collectively "Weed") appeal a jury verdict in favor of the City of Seattle, Officer Terry Dunn, and Officer Dale Davenport (collectively "defendants"). Weed claims that the defendants violated the Fourth Amendment and state trespass and battery laws when they responded to a noise disturbance at Weed's home. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Weed argues that the district court's evidentiary ruling excluding Officer Dunn's prior misconduct and disciplinary history was an abuse of discretion that was prejudicial. It was not an abuse of discretion for the district court to exclude this evidence under Federal Rule of Evidence 403 because the initial finding of excessive force and imposition of disciplinary action against Officer Dunn, were later reversed on appeal. *See Wicker v. Oregon ex rel. Bureau of Labor*, 543 F.3d 1168, 1173 (9th Cir. 2008). As the district court explained, "Officer Dunn's overturned suspension would be more prejudicial than probative in this case, since the jury would likely not give due weight to the fact that the suspension was overturned." We give the district court "broad discretion" for this determination. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

The defense attorney did not open the door to the introduction of Officer Dunn's disciplinary incidents through statements made during closing argument.

Weed does not contest the veracity of defense attorney's remarks that Officer Dunn had responded to hundreds of noise ordinance violations without incident. Defense counsel's statements that Officer Dunn had been "putting on the uniform" for "[t]hirty-one years" and referring to him as a "reasonable police officer[]," referred only to Officer Dunn's history of responding to noise complaints, and did not call for the introduction of Officer Dunn's overturned misconduct record to rebut any false impression that might have resulted. *See United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988) ("Under the . . . 'opening the door' doctrine, the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission.").

Weed also appeals the district court's denial of his motion for a new trial under Federal Rule of Civil Procedure 59(a)(1). We review a district court's denial of a motion for a new trial for abuse of discretion and generally only reverse if the record contains no evidence in support of the verdict or if the district court made a mistake of law. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728–29 (9th Cir. 2007). Neither occurred here. As the district court acknowledged, "[t]his was a close case," with sharply conflicting testimony about the events that transpired the night of Weed's arrest. Because the jury was entitled to credit the testimony of defense

witnesses, it was not an abuse of discretion for the district court to deny the motion

for a new trial.

**AFFIRMED.**